## A. B. CALHOUN *versus* DAVID CABLE, A. H. STOWELL, and CALEB CROSS

January 13, 1838

H. N. Walker, for the motion.
A. S. Porter, contra.

[INDORSEMENT]

[None]

[OPINION]

A. B. Calhoun
    vs.                   Supreme  Court—First  Circuit
David Cable et als.       Jan. Tr. 1838
In Chancery

On motion to strike the cause from the docket.

This action was originally commenced in the Sup. Court of the late territory of Michigan & was there pending when that Court was abolished by the Act of the State legislature, approved March 1836.

When the territorial Courts ceased to exist, all matters therein pending, also expired, unless continued in life by some legislative enactment.

That causes pending in any court are abated by the expiring of that court, seems not to be questioned.

Does the Act of March, 1836, wrest this cause from the operation of the common law principle just attended to?

I think, most clearly it does not. By the 8th Sec. of that Act, all civil suits *at law* & criminal prosecutions, appeals indictments & all cases where there might be a trial by jury, *then* pending in any of the courts of record—All writs warrants & process whatever relating to any civil suit *at law*, or criminal prosecution, which had issued & then existed, or which should be issued before the 4th day of July then next— were transferred & made returnable to the Supreme or Circuit Court of the State, as they severally might have juridiction thereof.

And by the same section all the dockets records documents writings & proceedings of causes, civil & criminal, are in like manner transferred to the Supreme or Circuit Courts. And those courts are empowered to hear, try & determine all such causes & matters so transferred &c. Stat. of 1836 P. 31-32.

What class of cases did the legislature intend to transfer from the territorial courts to the State Courts, by that Act?

Evidently, all suits *at law*, civil & criminal & no others.

It is said in argument, that inasmuch as *all the dockets, records, documents,* & proceedings of causes, *civil* & criminal, making no *express* reservation of the dockets &c. &c. pertaining to the cases in chancery, are, by the Act, transferred to the Supreme & Circuit courts, that this court *may* assume jurisdiction of this cause.

If that be the legitimate construction of the Act of 1836, *all* the causes, as well, *in chancery* as *at law*, pending in the territorial Courts, at the time of their extinction, were, by that act transferred to the Supreme and Circuit Courts of the State.

A construction so broad in its application, it seems to me, can hardly be contended for, indeed such a construction is entirely precluded by the provisions of the Act to establish a court of chancery, enacted cotemporaneously with the act creating the Supreme & Circuit Courts.

By the second Section of the Act establishing the Court of Chancery, exclusive original jurisdiction, in all matters properly cognisable by courts of chancery, is conferred on the Chancellor, by the 3ᵈ Section, all the powers & jurisdiction conferred on the Supreme Court of the late territory of Michigan by a certain Act, are conferred on the Court of Chancery, and by the 9th Sec. all suits & matters in Chancery pending in any of the territorial courts—all writs or process whatsoever, which then had issued &c. concerning matters

in chancery, and all the dockets, records, documents, writings & proceedings in said suits & matters, are in like manner, transferred to the court of chancery.

The legislature obviously intended to confer jurisdiction of all matters *at law* & such only, on the Sup. & Circuit Courts, and of matters in chancery on the Court of Chancery. —But in the same 9th Sec. of the Act last alluded to, it is expressly provided, that no suit or matter, in which the Chancellor may have been interested, as Counsel or otherwise, shall be transferred to the Court of Chancery, but that such suits & matters shall be proceeded in by the Courts in which the same originated—

If then, by the Act, creating the Supreme Court, no suits or matters in chancery be transferred to that tribunal, and if also, by the Act establishing the Court of Chancery, all causes in which the Chancellor was interested, be excluded from his jurisdiction, it necessarily follows, that when the Supreme Court of the territory was abolished by the Act of March 1836, this cause, being one in which the Chancellor was interested as counsel, was abated.

Now the question arises whether the legislature by a subsequent Act could revive, and confer on this or any other Court, the power to rehear & try, a cause, which by operation of law was abated and consequently determined?

Suppose a suit was abated for any ordinary cause, would it be competent for the legislature by subsequent enactment to declare that such suit should be revived, and the parties compelled, in violation of the settled rules of law to proceed to a trial of the merits? That will not be pretended—

Does this case differ from the one supposed? I confess, I am unable to discover any distinction.

But it is insisted again in argument, that the Act of the legislature in this case only affects the remedy, not the rights of the parties.

The argument is correct in principle, but as it strikes me, wrong in application.

If this cause were abated & determined by the abolition of the Court in which it was pending the rights of the parties were thereby fixed, and in any view could not be disturbed by any subsequent legislation.

The constitutional provision, relied upon, does not affect this case—By the first Section of the Schedule of the Constitution it is declared that all *writs, actions* &c shall continue as if no change had taken place in the government—Suppose no change had taken place in the government, and the territorial legislature had abolished the then existing courts & substituted others, making the same provisions the state legislature has done, would not this cause have been abated? Unquestionably it would—.

The constitution preserves the matters pending in the territorial courts, for the future action of the state legislature, —that action has been had, and the purpose of the constitution fully accomplished.